**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4544**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

LUCAS VASQUEZ-CHAVARRIA,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00004-D-1)

Submitted:  April 4, 2019　　　　　　　　　　　Decided:  April 8, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Robert J. Dodson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lucas Vasquez-Chavarria appeals his 51-month sentence imposed after a jury found him guilty of possession of contraband in prison, in violation of 18 U.S.C. §§ 1791(a)(2), (b)(1), 2 (2012). He contends that the court erred in upholding the application of a two-level obstruction of justice enhancement in the calculation of his Sentencing Guidelines range. We affirm.

In determining whether a district court properly applied the Sentencing Guidelines, we review a district court's factual findings for clear error and its legal conclusions de novo. *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). We review for clear error the facts forming a district court's basis for imposing an obstruction of justice enhancement. *United States v. Andrews*, 808 F.3d 964, 969 (4th Cir. 2015). Under this standard, we may not reverse a district court's findings simply because we would have reached a different result. *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019). Instead, we may only reverse if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

"District courts hold an especial advantage in fact finding where the sentencing enhancement is based upon testimony or trial proceedings that they have personally observed." *Andrews*, 808 F.3d at 969. "[W]hen a trial judge makes a finding based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence,

2

that finding, if not internally inconsistent, can virtually never be clear error." *Charboneau*, 914 F.3d at 912 (internal quotation marks omitted).

"There are three elements necessary to impose a two-level enhancement for obstruction of justice based on the defendant's perjurious testimony: the sentencing court must find that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." *United States v. White*, 810 F.3d 212, 229-30 (4th Cir. 2016) (internal quotation marks omitted). The Government bears the burden of proving, by a preponderance of the evidence, the facts supporting an enhancement. *Andrews*, 808 F.3d at 968.

We conclude that the district court did not clearly err in finding that Vasquez-Chavarria lied at trial about possessing a bowl with drugs in it and assaulting a prison guard. A jury found beyond a reasonable doubt that Vasquez-Chavarria possessed the bowl of drugs, and Vasquez-Chavarria's testimony directly contradicted that finding. The record does not support Vasquez-Chavarria's claim that he was confused during his trial testimony. Furthermore, although Vasquez-Chavarria was not found guilty beyond a reasonable doubt of assaulting a prison guard, we conclude that the court did not clearly err in finding by a preponderance of the evidence that Vasquez-Chavarria had assaulted the guard. The district court, having presided over Vasquez-Chavarria's trial and personally observed both his testimony and the guard's testimony, was in the best position to evaluate their credibility. *See Andrews*, 808 F.3d at 969. Under these circumstances, we do not find clear error. *See Charboneau*, 914 F.3d at 912.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*